## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**LISA RUBEN**, an individual,

            Plaintiff,

v.

**BONITA DENTAL CARE, P.A.**, a Florida professional association, and **DR. FREDERICK ECK**, an individual,

            Defendants.

**CIVIL ACTION**

**Case No.  2:19-cv-394**

**Judge:**

**Mag. Judge:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **LISA RUBEN** ("Ruben" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.　　This is an action brought under the federal Fair Labor Standards Act ("FLSA"), Florida Whistleblower Act (FWA), F.S. §440.205 and Florida common law for (1) unpaid minimum wage and retaliation in violation of the FLSA, (2) retaliation in violation of the FWA, (3) retaliation in violation of F.S. §440.205, and (4) unpaid wages under Florida common law.

## PARTIES

2.　　Plaintiff, **LISA RUBEN** ("**RUBEN**" or "Plaintiff") is an individual and a resident of Florida who at all material times worked in Lee County, Florida and was employed by the Defendants.

3.　　Defendant, **BONITA DENTAL CARE, P.A.** ("**PRACTICE**"), is a Florida professional association and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and

1

(s)). **PRACTICE** consists of several professional dental offices and has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. **PRACTICE**'s employees are engaged in interstate commerce and their business model specifically caters to persons traveling interstate. **PRACTICE** collects monies all kinds of insurance, most of which is from out-of-state sources, including the receipt of federal monies from Medicare reimbursement. **PRACTICE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **RUBEN**. **PRACTICE** supervised and controlled **RUBEN**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **RUBEN**. **PRACTICE** maintains employment records of **RUBEN**. **PRACTICE** was the employer of **RUBEN**.

4.     The Defendant, **DR. FREDERICK ECK** ("**ECK**") is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **ECK** had the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **RUBEN**. **ECK** supervised and controlled **RUBEN**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **RUBEN**. **ECK** maintains employment records of **RUBEN**. **ECK** was the employer of **RUBEN**.[1]

5.     At all times relevant to the instant action, the Defendant **PRACTICE** was **RUBEN**'s employer within the meaning of the FWA, F.S. §440.205 and under Florida common law.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

---

[1]     **PRACTICE** and **ECK** are referred to herein as "Defendants."

7.     This Court has supplemental jurisdiction over **RUBEN**'s state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

9.     **RUBEN** was hired by the Defendants on February 1, 2019 as the office manager.

10.     **RUBEN** always performed her assigned duties in a professional manner and was very well qualified for her position.

11.     **RUBEN**'s supervisors were John Elliott, Diana Ibrahim and ultimately **ECK**.

12.     Upon beginning her employment with the Defendants, **RUBEN** received reports that Defendants' employees were not being paid their lawful overtime.

13.     For example, on February 7, 2019, **RUBEN** received a report that employees were being told to work their scheduled shifts, clock out and then continue working off-the-clock and without overtime compensation.

14.     **RUBEN** promptly voiced her objections to Defendants illegal practices, stating she would take no part in them and that the employees were to be paid their lawful overtime.

15.     Furthermore, **RUBEN** learned that the Defendants had a policy and practice to violate Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) by fraudulently obtaining financing for dental work by submitting the application for the same in a non-consenting party's name.

16.     **RUBEN** also learned that the Defendants had a policy and practice to further violate FDUTPA by swindling patients in a fraudulent insurance scheme whereby the Defendants billed patients the full price of the dental work notwithstanding that an insurance claim was submitted and paid by an insurance company. In furtherance of this scheme, the Defendants represent to the patient that they will refund the patient the amount the Defendants receive from the insurance company – but the Defendants either never do so or refund only a portion of the monies they receive from the insurance company.

17.     Additionally, on February 13, 2019, **RUBEN** suffered, and promptly reported, a workplace injury she suffered after being order to "move those f***ing boxes" that were in the Defendants' office.

18.     Immediately after such objections, and after suffering and reporting her workplace injury, the Defendant began to subject **RUBEN** to adverse employment action, the Defendants having suddenly informed her that she was "not a good fit."

19.     **RUBEN** was also required by the Defendants to work without any compensation for her last week of employment.

20.     At no time during **RUBEN**'s employment did the Defendant ever inform her that she exhibited poor performance, was the subject of an investigation or that there was any allegations of wrongdoing by her whatsoever.

21.     **RUBEN**'s termination was not part of a reduction in force.

22.     There was no budgetary need to terminate **RUBEN**.

23.     **RUBEN** was not subject to any discipline whatsoever prior to her engagement in protected activity.

24.     **RUBEN** always received positive performance reviews from the Defendants until she engaged in protected activity.

25.     As a direct and proximate result of her objection to the Defendant's illegal practices and refusal to participate in them, **RUBEN** was terminated by the Defendants.

## COUNT I: VIOLATION OF THE FLSA- UNPAID MINIMUM WAGE- PRACTICE & ECK ("DEFENDANTS")

26. The Plaintiff hereby incorporates Paragraphs 1-4, 6, 8-11 and 19 in this Count as though fully set forth herein.

27.     The Defendants were required by the FLSA to pay **RUBEN** at least minimum wage for all hours worked by **RUBEN**.

28.     The Defendants had operational control over all aspects of **RUBEN**'s day-to-day functions during her employment, including compensation.

29.     The Defendants were **RUBEN**'s "employer" and is liable for violations of the FLSA in this case.

30.     The Defendants violated the FLSA by failing to pay **RUBEN** at least minimum wage for all hours worked each week.

31.     As a result of the foregoing, **RUBEN** has suffered damages of lost wages.

32.     The Defendants are the proximate cause of **RUBEN**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against both Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – FLSA RETALIATION- PRACTICE & ECK ("DEFENDANTS")

33.     Plaintiff incorporates by reference Paragraphs 1-4, 6, 8-14, 18 20-25 of this Complaint as though fully set forth below.

34.     At all material times, **RUBEN** was an employee and the Defendants were her employer.

35.     **RUBEN** believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that the Defendants were violating the FLSA.

36.     The Defendants were aware of **RUBEN**'s objection and refusal to participate in the Defendants' violations of the FLSA.

37.     Less than a week later, the Defendants subjected **RUBEN** to adverse employment action.

38.     The Defendant, in subjecting **RUBEN** to adverse employment action, retaliated and discriminated against her because of complaints, objections and concerns raised by her to the Defendants.

39.     As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, **RUBEN** has lost the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

40.     As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against them, **RUBEN** is entitled to all relief necessary to make her whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing this Defendants to cease and desist from all retaliation against employees who engage in speech protected by the FLSA;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position

with the Defendants, plus interest, including but not limited to lost salary and bonuses;

iii.    Liquidated damages;

iv.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

v.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendants' actions;

vi.    Declaratory relief declaring the acts and practices of the Defendants to be in violation of the statutes cited above;

vii.    Reasonable attorney's fees plus costs;

viii.    Compensatory damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## COUNT III –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT- PRACTICE ("PRACTICE")

41.    Plaintiff incorporates by reference Paragraphs 1-3. 5, 7-18 and 20-25 of this Complaint as though fully set forth below.

42.    **RUBEN** was an employee of Defendant **PRACTICE**, a private company.

43.    At all material times, **RUBEN** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

"An employer may not take any retaliatory personnel action against an employee because the employee has:

(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought

the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;

(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

44.     **RUBEN** did engage in statutorily protected activity under F.S. §448 (1) and (3).

45.     Immediately after engaging in statutorily protected activity, **RUBEN** suffered negative employment action, which is a direct result of her statutorily protected activity.

46.     **RUBEN**'s adverse employment action and her engaging in statutorily protected activity are causally related.

47.     **PRACTICE** knew that **RUBEN** was engaged in protected conduct as referenced herein.

48.     **PRACTICE** discharged, terminated, demoted, suspended, threatened, disciplined and harassed **RUBEN** from her employment and after her employment, and otherwise retaliated against her because of her protected conduct.

49.     As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **RUBEN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

50.      As a direct and proximate result of the violations of F.S. §448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **RUBEN** is entitled to all relief necessary to make her whole.

51.     **PRACTICE**'s negative employment actions against **RUBEN** continued until her termination and this count is timely filed.

**WHEREFORE,** Plaintiff demands damages against **PRACTICE** for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) an injunction restraining continued violation of this act,

(b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(c) reinstatement of full fringe benefits and seniority rights,

(d) compensation for lost wages, benefits, and other remuneration,

(e) any other compensatory damages allowable at law,

(f) attorney's fees, court costs and expenses, and

(g) such other relief this Court deems just and proper.

## COUNT IV – UNLAWFUL RETALIATION AND WRONGFUL DISCHARGE UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION- ("PRACTICE")

52.     Plaintiff incorporates by reference Paragraphs 1-5, 7-11 and 19 of this Complaint as though fully set forth below.

53.     **RUBEN** was injured on the job and required medical treatment.

54.     **RUBEN** promptly reported the worker's compensation injury to the **PRACTICE** and a worker's compensation claim was to have been filed.

55.     **PRACTICE** then terminated **RUBEN** as a direct result of the same.

56.     Prior to her worker's compensation injury, **RUBEN** had received consistently good performance reviews and had not been subjected to discipline.

57.     **RUBEN**'s attempt to file of a worker's compensation claim, workplace injury and need for leave to have surgery/treatment for her workplace injury are the direct and proximate causes of the **PRACTICE**'s termination of her employment.

58.     As a direct and proximate result of the **PRACTICE**'s actions that violate Florida Statute §440.205, **RUBEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the **PRACTICE** for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT V: COMMON LAW UNPAID WAGE CLAIM

59.     The Plaintiff hereby incorporate Paragraphs 1-5 and 7-11 in this Count as though fully set forth herein.

60.     **RUBEN** was an employee of **PRACTICE**.

61.     **PRACTICE** was required to compensate **RUBEN** at her regular rate of pay for all hours worked by **RUBEN**.

62.     **PRACTICE** had operational control over all aspects of the **RUBEN**'s day-to-day functions during her employment, including compensation.

63.     **PRACTICE** failed to pay **RUBEN** at least her regular rate of pay for all hours worked.

64.     **PRACTICE** has willfully violated Florida law by refusing to pay **RUBEN** her regular rate of pay for all hours worked by her.

65.     As a result of the foregoing, **RUBEN** has suffered damages of lost wages.

66.    **PRACTICE** is the proximate cause of **RUBEN**'s damages.

**WHEREFORE,** Plaintiff pray that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees under F.S. §448.08.

## <u>JURY DEMAND</u>

**NOW COMES** the Plaintiff and hereby request a trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: June 11, 2019          **<u>s/ Benjamin H. Yormak</u>**
                             Benjamin H. Yormak
                             Florida Bar Number 71272
                             Trial Counsel for Plaintiff
                             YORMAK EMPLOYMENT & DISABILITY LAW
                             9990 Coconut Road
                             Bonita Springs, Florida 34135
                             Telephone: (239) 985-9691
                             Fax: (239) 288-2534
                             Email: byormak@yormaklaw.com